UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL KEITH COOK MILES, #194878

      Petitioner,

                                  Civil Case No. 06-11636
                                  Honorable Paul V. Gadola
                                  Magistrate Steven D. Pepe

v.

WARDEN BLAINE LAFLER,

      Respondent.
_____

**MEMORANDUM OPINION & ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**I. Introduction**

This matter is before the Court on Petitioner's, Darryl Keith Cook Miles', *pro se* request for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state prisoner confined at the St. Louis Correctional Facility in St. Louis Michigan, is challenging the revocation of his parole. Petitioner asserts that he filed an appeal with the Michigan Court of Appeals, but it was dismissed for failure to pay the required filing fees. The Michigan Court of Appeals denied Petitioner's request for a waiver of the appellate court fees. (Petition for Writ of Habeas Corpus, Appendix, pg. 32). According to the Order issued by the Michigan Court of Appeals referenced above, Petitioner was precluded from proceeding on his original appeal or from filing a new appellate action until the outstanding fee balance was paid on his original appeal. Petitioner failed to comply with the directive of the Michigan Court of Appeals. Therefore, Petitioner did not submit any additional filings with the Michigan Court of Appeals or the Michigan Supreme Court. Petitioner now seeks relief by filing a petition for writ of habeas corpus with this Court.

**II. Analysis**

Petitioner attempted to appeal the parole revocation decision to the Michigan appellate courts, but the Michigan Court of Appeals would not waive fees on Petitioner's appeal, stating that "a prisoner pursing a civil action [is] liable for the filing fees." *Id.* The appellate court did not address the merits of Petitioner's claims.

A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Therefore, a prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner failed to pay the applicable filing fees with either the Michigan Court of Appeals or the Michigan Supreme Court. A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell*, 244 F. 3d 533, 538 (6th Cir. 2001).

Mich. Comp. Laws § 600.2963; Mich. Stat. Ann. 27A.2963 states that a prisoner who files a civil action in the Michigan courts is liable for the filing fee. Mich. Comp. Laws § 600.2963 (1); Mich. Stat. Ann. 27A.2963 (1) states that if a prisoner is indigent and unable to pay the filing fee and costs, the prisoner shall submit to the court a certified copy of his or her institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account. The court then shall order the prisoner to pay fees and costs as provided by the statute. The court "shall suspend the filing of the civil action or appeal until the filing fee or initial partial filing fee ordered under subsection (2) or (3) is received by the court." *Id.*

In the present case, Petitioner claims he paid the required partial filing fee of $21.00, but admits to non-payment of the $354.00 balance. Whether or not Petitioner submitted the required documentation is unclear, but presumed since the Michigan Court of Appeals was amenable to accepting a partial payment of $21.00. Because Petitioner did not comply with the court rules with respect to filing his appeal with either the Michigan Court of Appeals or the Michigan Supreme Court, Petitioner has not met his burden of showing exhaustion of state court remedies as set forth above.

Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

### III. Conclusion

For the reasons stated, this Court concludes that Petitioner has not fully exhausted his state court remedies.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus [docket entry 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed Without Pre-Payment of Fees and Affidavit [docket entry 2] is **DENIED AS MOOT**.

**SO ORDERED**.


Dated:   April 26, 2006                               s/Paul V. Gadola
                                                     HONORABLE PAUL V. GADOLA
                                                     UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on   April 26, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                                                                                    ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Darryl Miles                    .

                                                     s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845